Beer, J.
This case was reversed in this court at its November term, A. D. 1890. The journal of the circuit court, page 145, shows this court found there was error in the proceedings of the court of common pleas in this, to-wit: The court of common pleas erred in overruling the demurrer to the petition; and in overruling the motion of the plaintiff in error for a new *212 trial, for the reason that the verdict of the jury was against the evidence.
■The journal shows that the court reversed the judgment, set aside the verdict, granted a new trial, and sustained the demurrer. Judgment was entered against the defendant in error for costs, and it was ordered that a special mandate be sent to the court of common pleas for the execution of said judgment.
By reference to the minutes of the circuit court made at the time, it will be seen that this court remanded the case to the court of common pleas to be proceeded in according to law.
Section 549, Revised Statutes, provides that the circuit court may remand its final orders in cases brought before it on error to the court below for the specific or general execution thereof, as the case may require, and may also remand causes to the inferior courts for further proceedings therein.
Section 6726 provides that when a judgment is reversed in the circuit court, it shall send a special mandate to the court of common pleas as the case may require.
Section 3331 provides that all judgments and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action.
This court should have remanded the case to the court of common pleas to be proceeded in according to law. The minutes of the court show such order was made. The journal entry does not show that the cause wTas remanded to be proceeded in according to law, but shows that it was remanded for execution of the judgment for costs.
After the former judgment was reversed, the plaintiff, by leave of the court of common pleas, filed an amended petition. The defendant demuri’ed — the court overruled the demurrer, and the defendant excepted. The defendant answered, and upon the issues made by the pleadings, the cause was tried' to' *213 a jury, and a verdict rendered and judgment given for the plaintiff.
How does this leave the case ?
A reference to the case of Bolles v. Stockman, 42 Ohio St. 445, will probably answer the question : “ Where a proceeding in error is prosecuted in the district court to reverse the judgment of the court óf common pleas, a judgment reversing the judgment of the common pleas with costs, and remanding the cause to the court of common pleas for execution, is not a final judgment, but it leaves the cause pending in the district court.”
It looks as if the case never got out of the circuit court. We can find no mandate, nor no record of a mandate from the circuit court to the court of common pleas. -
If a mandate was issued, there was no entry on the journal to authorize it.
If the cause was not remanded, and no mandate was sent to the court of common pleas, did the court of common pleas acquire jurisdiction of it? If not, the amended petition, the action upon the demurrer thereto, and the trial are all in vain.
If the case got to the common pleas, then there is a further trouble. The last journal entry made in the court of common pleas shows that a bill of exceptions was signed, but does not show it was allowed.
The trial judge must allow and sign the bill of exceptions to give it validity. The allowance and signing must appear on the journal, as stated by the Supreme Court in thé case of Hill v. Bassett, 27 Ohio St. 507. “ It must appear from the record outside of the bill of exceptions itself, that a bill of exceptions was, in due time, tendered to, and allowed, signed and sealed by the court and made a part of the' record.”
It may be suggested .that signing, a. bill of exceptions is an allowance of it. It is not. The statute, section 5301, provides, that the bill of exceptions shall be allowed and signed.
*214 Section 5302 provides, that the journal shall be kept open and the allowance and signing thereof, entered thereon as of the term.
We have presented questions which arise on the record, but which have not been argued by counsel.
If the court of common pleas had no jurisdiction to try, we have no jurisdiction to review; there is nothing to review —there is no live judgment in the case. If we should be wrong in this, there is no question for' review but the one raised upon the demurrer. We cannot suggest what ought to be done.
The plaintiff below might, perhaps, obtain an order in this court, nunc pro tunc, remanding the case to the court of common pleas to be proceeded in according to law.
The defendant below might obtain an entry nunc pro tunc in.the common pleas, showing the allowance of a bill of exceptions.
The serious question would still remain — how about a mandate from the circuit court to the court of common pleas?
Would an order nunc pro tunc in the circuit court breathe the breath of life into such a mandate so as to show jurisdiction in the common pleas to try the case ?
If no mandate issued, could one issue, after an order nunc pro tunc in the circuit court, so as to relate back to the time when it should have issued, had the proper entry to authorize it appeared upon the journal of this court?
These are, perhaps, difficult questions, upon which we have not heard argument, and upon which we have formed no opinion.
Opportunity will be given counsel before the adjournment of the court to -make' any suggestions in the case. ,